IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES WRIGHT                                                                                          PETITIONER

No. 4:24-cv-00864 BSM/PSH

DEXTER PAYNE, Director,
Arkansas Division of Correction ("ADC")                                                RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Petitioner James Wright ("Wright") filed a petition for writ of habeas corpus on October 10, 2024. The Court subsequently directed service of the petition on respondent Dexter Payne ("Payne"), who filed a response. On December 17, 2024

1

the Court notified Wright of his opportunity to respond to Payne's pleading. Wright was directed to respond on or before January 14, 2025. Doc. No. 10. Thereafter, Wright filed a motion for default judgment and a motion to extend time in which to respond. Doc. Nos. 11 & 12. The Court granted Wright's motion for additional time and directed him to respond to Payne's assertions on or before February 3, 2025. Doc. No. 13. Wright did not respond.

On January 27 and February 7, 2025, mail from the Court to Wright was returned as undeliverable.[1] *See* Doc. Nos. 14 & 15. Notations on each returned envelope indicated that Wright had been paroled. Mail sent to Wright from the Clerk's office[2] on April 17, 2025, was also returned with the same notation. *See* Doc. Nos. 16 &17. The Court then directed Wright to file a notice of his current mailing address and notified him that failure to do so would result in the recommended dismissal of his complaint. Doc. No. 18. This Order was returned as undeliverable and Wright did not respond. Doc. No. 19.

Under these circumstances, the Court concludes that Wright's petition should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2). *See*

---

[1] The returned mail was a filed copy of Wright's motion to extend time and the Court's order granting that motion.

[2] This mailing contained notice of reassignment of the district judge.

*Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).  This Local Rule requires Wright to "promptly notify the Clerk" of any change in his address and requires him to respond to any communication from the Court within thirty days.  Despite ample opportunity, Wright has failed to comply with these requirements.

Therefore, this Court recommends that Wright's petition for writ of habeas corpus be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).[3]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

---

[3] Wright's motion for default judgment (Doc. No. 11) should be denied.  Payne's response was timely filed.

IT IS SO ORDERED this 2nd day of June, 2025.

_____
UNITED STATES MAGISTRATE JUDGE